**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00338-NRN

PEACE OF MIND PHARMACEUTICALS LLC,

Plaintiff,

v.

DRUG ENFORCEMENT ADMINISTRATION,

Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND TO RE-SET SCHEDULING CONFERENCE**

---

Defendant hereby moves for a 30-day extension of time, until May 23, 2024, to respond to the Complaint, ECF No. 1. In addition, Defendant moves to re-set the Scheduling Conference and related deadlines until after the requested May 23, 2024, responsive pleading deadline. As set forth below, there is good cause for this request, which will provide additional time for Defendant to continue adjudicating the application that is the subject of this lawsuit.

1. On February 4, 2024, Plaintiff Peace of Mind Pharmaceuticals LLC ("Peace of Mind") filed this lawsuit, alleging that the Drug Enforcement Administration ("DEA") has unreasonably delayed adjudicating its application for registration as an importer of Pentobarbital (the "Application"), which is a Schedule II controlled substance under the Controlled Substances Act. Plaintiff seeks, among other relief, an order

compelling the DEA to adjudicate the application. *See* ECF No. 1 at 43 (request for relief).

2. The U.S. Attorney's Office for the District of Colorado was served on February 23, 2024. Accordingly, the DEA's response to the Complaint is currently due April 23, 2024. *See* Fed. R. Civ. P. 12(a)(2). In addition, the Court has set a Scheduling Conference for May 21, 2024, along with related deadlines for the parties to participate in a Rule 26(f) conference and file a proposed Scheduling Order. *See* ECF No. 7.

3. As Peace of Mind notes in the Complaint, most recently the DEA sent Peace of Mind a formal communication about the Application on August 23, 2023. ECF No. 1 ¶ 37.B.vii. Since that time, the DEA has continued to take internal steps to review and adjudicate the Application. The DEA anticipates issuing a formal response concerning the Application towards the end of May 2024. The DEA expects that this response will significantly move the application process forward, and may moot Plaintiff's claims. The DEA anticipates that the parties will be able to have a meaningful discussion about whether and how this litigation should move forward after it issues that response.

4. Accordingly, Defendant respectfully requests a 30-day extension of time to respond to the Complaint, ECF No. 1, until May 23, 2024, to allow time for Defendant to continue to adjudicate the Application. This extension of time will serve the interests of judicial economy and efficiency because, alternatively, Defendant anticipates filing a motion to dismiss the Complaint. Briefing a motion to dismiss would not be an efficient

use of the parties' time and resources at this time given that the DEA anticipates taking a further step concerning the Application within the requested 30-day extension period.

5. Defendant also requests that the Court vacate and re-set the Scheduling Conference and related deadlines until after the requested May 23, 2024, responsive pleading deadline. If the Court grants the requested extension of the responsive pleading deadline and the Scheduling Conference moves forward as currently scheduled on May 21, 2024, the parties will have to confer regarding the nature and bases of their claims and defenses and develop a proposed discovery plan before the new responsive pleading deadline. In addition, discovery could commence once the parties have held the Rule 26(f) conferral. *See* Fed. R. Civ. P. 26(d)(1). It would be in the interests of efficiency, fairness, and judicial economy to vacate the Scheduling Conference and the related deadlines, and reset those deadlines until after Defendant has responded to the Complaint. This will allow the parties to more meaningfully confer about their claims and defenses and about the appropriate scope of discovery.

6. Defendant has not sought or received any prior extensions of the responsive pleading deadline, or continuances of the Scheduling Conference and related deadlines. *See* D.C.COLO.L.CivR 6.1(b). A copy of this motion will be served on the DEA through agency counsel. *See* D.C.COLO.LCivR 6.1(c).

7. No other deadlines will be impacted by the relief requested herein.

8. Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel has conferred with counsel for Peace of Mind, and Peace of Mind does not oppose the relief requested herein. However, Peace of Mind's counsel requested that Defendant include

the following statement of Peace of Mind's position: "Plaintiff POM Pharma is not opposing this motion for an extension of time in an attempt to foster a positive and collaborative working relationship with Defendant DEA, and also in appreciation of the professionalism that Defendant's counsel has afforded POM Pharma. While optimistic about the potential of DEA's forthcoming formal response to advance the parties towards an amicable resolution, POM Pharma remains cautious because from its perspective there is a fundamental communication problem that has stymied past progress and remains unresolved. To help improve communication, POM Pharma reiterates its offer to meet in advance of DEA's forthcoming formal response to address any outstanding questions or concerns. Additionally, for the period after the forthcoming formal response, POM Pharma reiterates its request for DEA to please consider POM Pharma's suggestions for an improved review process that would benefit both POM Pharma and DEA."

Respectfully submitted this 17th day of April, 2024.

COLE FINEGAN
United States Attorney

*s/ Jennifer R. Lake*
**Jennifer R. Lake**
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: jennifer.lake@usdoj.gov
Counsel for Defendant

Counsel for Defendant

**CERTIFICATE OF SERVICE (CM/ECF)**

I certify that on April 17, 2024, I filed the foregoing with the Clerk of the Court for the District of Colorado using the CM/ECF system, which will send notification of such filing to all CM/ECF users associated with this case:

Matthew R. Larson
matt@pompharma.org

Counsel for Plaintiff

*s/Jennifer R. Lake*
Jennifer R. Lake
Assistant United States Attorney