**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00338-NRN

PEACE OF MIND PHARMACEUTICALS LLC,

Plaintiff,

v.

DRUG ENFORCEMENT ADMINISTRATION,

Defendant.

---

**DEFENDANT'S SECOND MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND TO RE-SET SCHEDULING CONFERENCE**

---

Defendant moves for a 21-day extension of time, until June 13, 2024, to respond to the Complaint, ECF No. 1. In addition, Defendant moves to re-set the Scheduling Conference and related deadlines until after the requested June 13, 2024, responsive-pleading deadline. As set forth below, there is good cause for this request, which will provide additional time for Defendant to continue adjudicating the application that is the subject of this lawsuit and for the parties to continue their discussions about a potential jurisdictional issue with this lawsuit.

1. On February 4, 2024, Plaintiff Peace of Mind Pharmaceuticals LLC ("Peace of Mind") filed this lawsuit, alleging that the Drug Enforcement Administration ("DEA") has unreasonably delayed adjudicating its application for registration as an importer of Pentobarbital (the "Application"), which is a Schedule II controlled substance under the Controlled Substances Act. Plaintiff seeks, among other relief, an order

compelling the DEA to adjudicate the application. *See* ECF No. 1 at 43 (request for relief).

2. The Court previously granted Defendant an extension of time to respond to the Complaint until May 23, 2024. ECF No. 10. A Scheduling Conference is currently set for June 11, 2024, along with related deadlines for the parties to participate in a Rule 26(f) conference and file a proposed Scheduling Order. *Id*.

3. As Defendant explained in its previous motion for extension of time, most recently the DEA sent Peace of Mind a formal communication about the Application on August 23, 2023. ECF No. 1 ¶ 37.B.vii. Defendant further notes that Plaintiff formally responded to that communication on October 27, 2023. Since that time, the DEA has continued to take internal steps to review and adjudicate the Application. Defendant represented in its previous motion for extension of time that the DEA anticipates issuing a formal response concerning the Application towards the end of May 2024, ECF No. 9 ¶ 3, and the DEA still anticipates doing so. The DEA expects that this response will significantly move the application process forward, and may moot Plaintiff's claims. The DEA still anticipates that the parties will be able to have a meaningful discussion about whether and how this litigation should move forward after it issues that response.

4. In addition, since the previous extension of time was granted, Defendant identified a significant potential jurisdictional defect with this lawsuit and has been conferring with Plaintiff about that issue, including by email and phone. Additional time is needed for the parties to continue to confer about the jurisdictional issue and determine how to proceed.

5. Accordingly, Defendant respectfully requests a 21-day extension of time to respond to the Complaint, ECF No. 1, until June 13, 2024, to allow time for Defendant to continue to adjudicate the Application and the parties to continue to confer about the jurisdictional defect that Defendant has identified. This extension of time will serve the interests of judicial economy and efficiency because, alternatively, Defendant anticipates filing a motion to dismiss the Complaint. Briefing a motion to dismiss would not be an efficient use of the parties' time and resources at this time given that the DEA will soon be taking a further step concerning the Application and the parties are still conferring about the jurisdictional issue.

6. Defendant also requests that the Court vacate and re-set the Scheduling Conference and related deadlines until after the requested June 13, 2024, responsive pleading deadline. If the Court grants the requested extension of the responsive pleading deadline and the Scheduling Conference moves forward as currently scheduled on June 11, 2024, the parties will have to confer regarding the nature and bases of their claims and defenses and develop a proposed discovery plan before the new responsive pleading deadline. It would be in the interests of efficiency, fairness, and judicial economy to vacate the Scheduling Conference and the related deadlines, and reset those deadlines until after Defendant has responded to the Complaint. This will allow the parties to more meaningfully confer about their claims and defenses and about the appropriate scope of discovery.

7. Defendant has sought one prior extension of the responsive pleading deadline and continuance of the Scheduling Conference and related deadlines. *See*

D.C.COLO.L.CivR 6.1(b); ECF No. 10. A copy of this motion will be served on the DEA through agency counsel. *See* D.C.COLO.LCivR 6.1(c).

8. No other deadlines will be impacted by the relief requested herein.

9. Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel has conferred with counsel for Peace of Mind, which opposes the relief requested herein.

Respectfully submitted this 20th day of May, 2024.

COLE FINEGAN
United States Attorney

s/ *Jennifer R. Lake*
**Jennifer R. Lake**
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: jennifer.lake@usdoj.gov
Counsel for Defendant

Counsel for Defendant

**CERTIFICATE OF SERVICE (CM/ECF)**

I certify that on May 20, 2024, I filed the foregoing with the Clerk of the Court for the District of Colorado using the CM/ECF system, which will send notification of such filing to all CM/ECF users associated with this case:

Matthew R. Larson
matt@pompharma.org

Counsel for Plaintiff

*s/Jennifer R. Lake*
Jennifer R. Lake
Assistant United States Attorney