**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00338-NRN

PEACE OF MIND PHARMACEUTICALS LLC,

Plaintiff,

v.

DRUG ENFORCEMENT ADMINISTRATION,

Defendant.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND TO RE-SET SCHEDULING CONFERENCE**

---

Plaintiff appreciates the continued professionalism of Defendant's counsel, and Plaintiff has attempted to give Defendant Drug Enforcement Administration (DEA) the benefit of the doubt to further a positive and collaborative working relationship that Plaintiff seeks with DEA. However, Plaintiff's position is that there is not good cause to grant the requested extension of time, and Plaintiff opposes any further delay.

1. Plaintiff does not share Defendant's jurisdictional concerns and maintains that the United States District Court for the District of Colorado has jurisdiction, not the United States Court of Appeals for the Tenth Circuit.

2. Defendant has made representations of a forthcoming formal response that it expects to "significantly move the application process forward," (ECF No. 9 ¶3), but Plaintiff is concerned that Defendant is not acting in good faith in advancing Plaintiff's application.

A. Plaintiff has an application pending with Defendant for registration as an importer of Pentobarbital, a Schedule II controlled substance under the Controlled Substances Act, for use in the practice of medical aid in dying. ECF No. 1 ¶ 24, 24.C.

B. Plaintiff did not oppose Defendant's first motion for an extension of time based on, among other considerations, the representation of a forthcoming formal response that Defendant expects to "significantly move the application process forward…" ECF No. 9 ¶ 3. However, Plaintiff expressed concern that the "fundamental communication problem" that has stymied past progress remains unresolved. ECF No. 9 ¶ 8.

C. The "fundamental communication problem" refers to a pattern established over 6 years and across 3 separate applications, where Defendant has (i) refused to meet and engage substantively, and instead has insisted on formal written communications - but then sends formal written communications that are (ii) excessively delayed, (iii) request previously provided information, (iv) resurrect previously addressed issues, and (v) willfully disregard Defendant's own Controlled Substances Act and/or the basics of importation and distribution of controlled substances. ECF No. 1 ¶ 37.

D. The definition of insanity is doing the same thing over and over and expecting different results. If this fundamental communication problem

remains unresolved, there is no reason to expect Defendant's forthcoming formal response to deviate from the pattern of prior formal responses over the past 6 years and 3 separate applications, making meaningful progress elusive.

E. Accordingly, following the grant of Defendant's first motion for an extension of time (ECF No. 10), Plaintiff has continued to plead with Defendant to meet and engage to address the fundamental communication problem that remains unresolved – particularly because of the apparent significance of the forthcoming formal response (i.e., a response that Defendant expects to "significantly move the application process forward…"; ECF No. 9 ¶ 3).

F. Unlike curing cancer or putting a person on Mars, becoming a DEA registered importer of controlled substances is achievable and occurs relatively routinely. For over 6 years and across 3 separate applications Plaintiff has demonstrated an unrelenting willingness to do whatever is necessary to try to satisfy Defendant's concerns. ECF No. 1 ¶ 24. However, after 6 years and 3 separate applications, Plaintiff is beyond exasperated from pleading with Defendant to meet and engage so that Plaintiff may clearly and efficiently understand what, if any, concerns remain outstanding or any misunderstandings with how Plaintiff squarely complies with the requirements of Defendant's Controlled Substances Act. Plaintiff is willing to accept its fair share of

any responsibility for the fundamental communication problem and make any necessary changes to achieve more effective communication, but it takes two to tango, and Defendant continues to refuse to meet and engage with Plaintiff.

G. Consistent with the pattern of the fundamental communication problem established over 6 years and 3 separate applications, Defendant's forthcoming formal response is excessively delayed and has not yet been made as of this filing – less than one week away from May 27, 2024, which would mark seven months for Defendant to make a return volley of Plaintiff's formal communication from October 27, 2023. Absent the present litigation, this seven-month delay would inevitably be even longer. Moreover, given Defendant's ongoing stonewalling and refusal to meet, the forthcoming formal response is highly likely to be plagued with the same issues of Defendant's prior formal responses. ECF No. 1 ¶ 37.

H. Along with Defendant's treatment of Plaintiff's applications as detailed in the Complaint (e.g., ECF No. 1 ¶ 34, 35, 36), Defenant's stonewalling suggests that Defendant has no desire to resolve the fundamental communication problem that has plagued the parties for over 6 years and 3 applications prior to issuing its forthcoming formal response and creates concern that Defendant has an inappropriate

bias against the use of Pentobarbital in the practice of medical aid in dying.

3. Time is of the essence as Pentobarbital is not currently available for qualifying terminally ill patients who elect to exercise the option of medical aid in dying in jurisdictions where the practice is authorized. For example, rather than risk death by suffocating on her own saliva, a woman with advanced ALS recently exercised the option of medical aid in dying. However, the dying process took approximately 8.5 hours while her elderly parents watched in a state of extreme anxiety. A retired medical doctor with over 20 years of experience in medical aid in dying (including periods when Pentobarbital was available), attended the death as a courtesy to the family and opined that a compound with Pentobarbital could have resulted in death in approximately 30 minutes.

Respectfully submitted this 21st day of May, 2024.

Peace of Mind Pharmaceuticals LLC
By: Matthew R. Larson
Its: President & Counsel

s/ Matthew R. Larson
3003 East 3rd Avenue, Suite B109A
Denver, CO 80209
Telephone: (303) 825-0108
E-mail: Matt@POMpharma.org

Counsel for Plaintiff

**Certificate of Service (CM/ECF)**

I certify that on May 21, 2024, I filed the foregoing with the Clerk of the Court for the District of Colorado using the CM/ECF system, which will send notification of such filing to all CM/ECF users associated with this case:

Jennifer R. Lake
jennifer.lake@usdoj.gov

Counsel for Defendant

s/ Matthew R. Larson
Counsel for Plaintiff